IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **XCELERATED TRANSPORTATION, GROUP, LLC,** | § § § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. **3:20-CV-3036-L** |
| **NAVISTAR, INC.,** | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Navistar, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 44) ("Motion"), filed October 6, 2021.[1] After considering the Motion, pleadings and briefs, and applicable law, the court, for the reasons herein explained, **grants** Defendant's Motion with respect to Plaintiff's claims for Breach of Contract, Implied Warranty, and Attorney's Fees and **dismisses them with prejudice,** as Plaintiff has agreed to abandon these claims; and **grants** Defendant's Motion with respect to Plaintiff's Fraud, Fraud by Nondisclosure, and Breach of Express Warranty claims and **grants** Plaintiff leave to amend its pleading.

**I.   Factual and Procedural Background**

Xcelerated Transportation Group, LLC ("Plaintiff" or "Xcelerated") brings this case that involves the purchase and operation of ten (10) International ProStar semi-trucks with MaxxForce engines manufactured by Defendant Navistar, Inc. ("Defendant" or "Navistar"). This case was

---

[1] Navistar asserts, in the alternative, that consideration of its motion by the court pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is appropriate should the court decide that the pleadings are closed. A Rule 12(c) motion is proper "after the pleadings are closed." Fed. R. Civ. P. 12(c). The court considers this motion to be one filed pursuant to Rule 12(b)(6), even though Navistar filed an answer to Xcelerated's Original Complaint on October 9, 2015 (Doc. 5). This is so because, at the time Navistar filed its Motion, the deadline to amend or join parties—January 28, 2022—had not passed; therefore, the pleadings were not closed and a motion under Rule 12(c) was not ripe.

**Memorandum Opinion and Order – Page 1**

originally filed in this court on September 16, 2015 (Doc. 1). On October 28, 2015, the case was transferred to the MDL Court in the Northern District of Illinois (Case MDL No. 2590, ECF# 142). For five (5) years this case sat in the MDL Court while the lead plaintiffs' counsel and Navistar, Inc., litigated class action claims. On January 21, 2020, Judge Gotschall approved settlement of the class action claims. (Case: 1:14-cv-10318, ECF#746). Xcelerated opted out of the class action settlement.

On September 30, 2020, a Conditional Remand Order was entered by the MDL Panel remanding this case back to this court for the handling of further litigation. (Case MDL No. 2590 ECF# 238). On October 5, 2020, this court ordered Xcelerated to amend its complaint to allege proper diversity facts so as to give this court clarity as to its ability to handle this subject matter. (Doc. 30). On October 19, 2020, Xcelerated—in compliance with the court's Order—amended its complaint and alleged additional facts. (Doc. 32). On October 26, 2020, the court *sua sponte*, dismissed Xcelerated's case without prejudice for lack of subject matter jurisdiction based on Xcelerated's apparent failure to adequately plead sufficient facts invoking subject matter jurisdiction. (Doc. 34).

On September 8, 2021, Xcelerated filed its Second Amended Complaint (Doc. 40), which is the live pleading in this action. In the Second Amended Complaint, Xcelerated alleges the following causes of action: Breach of Express Warranty; Breach of Implied Warranty; Breach of Contract; Fraud; and Fraud by Nondisclosure. Navistar now moves to dismiss the Second Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Applicable Law

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any

documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can

be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III.  Discussion

Navistar contends that dismissal is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Navistar argues that:

> (1) Plaintiff's fraud claims are barred by the economic loss doctrine; (2) Plaintiff failed to identify any actionable misrepresentation for its fraud and express warranty claims; (3) in the alternative, Plaintiff failed to plead its fraud claims with the required particularity; (4) Plaintiff failed to allege the existence of a contract term that was breached; (5) Navistar conspicuously disclaimed all implied warranties; and (6) Plaintiff has not identified any contract, statute, or law authorizing an award of attorneys' fees.

Doc. 45 at 5-6. In response, Xcelerated clarifies that it "is not pursuing any claim for breach of contract, implied warranty, or attorney's fees and will omit [these] claims from any amended pleading [if leave is granted.]" Doc. 52 at 7. Xcelerated also clarifies that "[t]he only express warranty claim being pursued [by it] is based on Navistar's boilerplate written warranty," not alleged misrepresentations made by Navistar or its agents. *Id.* at 19. Xcelerated does, however, contend that their remaining fraud claims—Fraud and Fraud by Nondisclosure—are not barred by the economic loss doctrine and are well pleaded under Rule 9(b). Finally, Xcelerated requests leave to amend its complaint to (1) address any pleading deficiencies related to its fraud claims; (2) remove its claims for breach of contract, implied warranty, and attorney's fees; and (3) clarify its claim for breach of express warranty to only include allegations based on "Navistar's boilerplate written warranty." *Id.* Navistar does not oppose Xcelerated's request for leave to amend "so long

**Memorandum Opinion and Order – Page 5**

as any alleged express warranties not based on an alleged breach of the applicable limited written warranties are dismissed with prejudice. . . ." Doc. 53 at 2.

The court finds that good cause exists to grant Xcelerated leave to amend its complaint.[2] Although a scheduling order has been entered, this action against Navistar is in its early stages and the court does not believe, nor does Navistar argue, that it will be prejudiced if Xcelerated is granted leave to amend its complaint.

### IV.   Conclusion

For the reasons explained, the court **grants** Defendant's Motion to Dismiss (Doc. 44) with respect to Plaintiff's claims of Breach of Contract, Implied Warranty, and Attorney's Fees, and **dismisses them with prejudice**, as Plaintiff has agreed to abandon these claims. The court, therefore, **dismisses with prejudice** these claims. Further, the court **grants** Defendant's Motion to Dismiss (Doc. 44) with respect to Plaintiff's claims of Fraud, Fraud by Nondisclosure, and Breach of Express Warranty and **grants** Plaintiff leave to amend its pleadings. Accordingly, any third amended complaint by Xcelerated **must** be filed by **June 6, 2022**, and **must** be limited to revising its Fraud and Fraud by Nondisclosure claims and amending the Breach of Express Warranty claim to be based *only* on allegations concerning an alleged breach of Navistar's *written* warranty. *If Xcelerated wishes to amend its pleadings to assert new or additional claims, it must first seek and obtain leave of court. Failure to file a third amended complaint by June 6, 2022, will result in dismissal of Plaintiff's remaining claims of Fraud, Fraud by Nondisclosure, and Breach*

---

[2] Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave when justice so requires." The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

**Memorandum Opinion and Order – Page 6**

*of Express Warranty under Rule 12(b)(6) for failure to state claims upon which relief can be granted, or Federal Rule of Civil Procedure 4(b) for failure to comply with a court order.*

**It is so ordered** this 20th day of May, 2022.

Sam A. Lindsay
United States District Judge